**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**JUDITH LYNN CARR,**

      **Plaintiff,**

**v.**                                                     **Civil Action No. 2:15-cv-16513**

**CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act.

<u>Background</u>

Claimant, Judith Lynn Carr, filed applications for DIB and SSI on June 26, 2012. Claimant alleged disability beginning March 1, 2011. The claims were denied initially on December 17, 2012, and upon reconsideration on March 27, 2013. Claimant filed a request for hearing on May 22, 2013. A hearing was held on July 15, 2014, in Charleston, West Virginia. The Administrative Law Judge (ALJ) denied Claimant's applications on August 6, 2014. The Appeals Council denied Claimant's request for review on November 9, 2015 (Tr. at 1- 4). Subsequently, Claimant brought

the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. §
405(g).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.
*See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).   A disability is defined as the
"inability to engage in any substantial gainful activity by reason of any medically determinable
impairment which can be expected to last for a continuous period of not less than 12 months . . . ."
42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of
disability claims.  20 C.F.R. §§ 404.1520 and 416.920   (2015).  If an individual is found "not
disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a) and 416.920(a).  The first
inquiry under the sequence is whether a claimant is currently engaged in substantial gainful
employment.  *Id.* §§ 404.1520(b) and 416.920(b).  If the claimant is not, the second inquiry is
whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c) and 416.920(c).  If a severe
impairment is present, the third inquiry is whether such impairment meets or equals any of the
impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* §§
404.1520(d) and 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*
If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of
past relevant work.  *Id.* §§ 404.1520(e) and 416.920(e).  By satisfying inquiry four, the claimant
establishes a *prima facie* case of disability.  *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).  The
burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.
1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms
of substantial gainful activity, considering claimant's remaining physical and mental capacities and

2

claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f) and 416.920(f) (2015).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.* (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
>
> (2)     We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.
>
> (3)     We have identified four broad functional areas in

3

which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listings of Impairments.

(4)     When we rate the degree of limitation in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).[1] Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, provides that affective disorders, including depression, will be deemed severe when (A) there is medically documented continuous or intermittent persistence of specified symptoms and (B) they result in two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation , each of extended duration or (C) there is a medically documented history of a chronic affective disorder of at least 2 years duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms currently attenuated by medication or psychosocial support and (1) repeated extended episodes of decompensation; (2) a residual disease process resulting in such marginal adjustment that a minimal increase in mental demands or change in the environment would cause decompensation; or (3) a current history of 1 or more years inability to function outside a highly supportive living arrangement, and the indication of a continued need for such an arrangement.

4

416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulations further specifies how the findings and conclusions reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

> At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.  20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from her alleged onset date of March 1, 2011, through her date last insured (DLI) of December 31, 2012 (Tr. at 13). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lumbar degenerative disc disease, chronic lumbar strain and osteoarthritis. (*Id.*)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 16).  The ALJ then found that Claimant has a residual functional capacity for light work except she can never perform climbing of ladders, ropes or scaffolds.  She is able to occasionally perform balancing, kneeling, stooping, crouching, crawling and climbing of ramps and stairs.  Claimant must avoid concentrated exposure to extreme cold, vibration and hazards such as heights and machinery. (*Id.*)  The ALJ held that Claimant is capable of performing her past relevant work as a restaurant manager and pawn shop manager as generally performed in

the national economy (Tr. at 20).  Therefore, the ALJ concluded that Claimant was not disabled

from March 1, 2011, through the date of the ALJ's decision.  (*Id.*)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was

defined as:

> [E]vidence which a reasoning mind would accept as sufficient to
> support a particular conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less than a
> preponderance. If there is evidence to justify a refusal to direct a
> verdict were the case before a jury, then there is "substantial
> evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d

640, 642 (4th Cir. 1966)).  Additionally, the Commissioner, not the court, is charged with resolving

conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless,

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize

the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v.

Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported

by substantial evidence.

Claimant's Background

Claimant was born on November 20, 1954.  She completed the eleventh grade and obtained

her general education diploma (GED).  Claimant has a driver's license but only drives short

distances.  Claimant is divorced and lives with her mother.  Claimant's son, his wife and their three

children live next to Claimant (Tr. at 33).

6

## The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Claimant's Challenges to the Commissioner's Decision

Claimant argues that the Administrative Law Judge (ALJ) failed to recognize that Claimant performed a composite job which entailed duties of two jobs and in finding that she can return to the least strenuous of her past duties (ECF No. 10). Defendant avers that Claimant failed to demonstrate that she could not perform her past relevant work as generally performed (ECF No. 11).

### Weight Afforded Medical Opinions

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2002). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the

record as a whole to determine whether the Commissioner's conclusions are rational.  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors. Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* §§ 404.1527(d)(2), 416.927(d)(2).

In the present matter, the ALJ allotted various weight to the opinions of treating and consulting psychologists and/or physicians.  The ALJ gave "little weight" to the consultative opinion of Lester Sargent, M.A., which the ALJ stated was not consistent with the treatment records (Tr. at 14).  The ALJ gave "little weight" to the opinions of State agency medical consultants Rogelio Lim, M.D., and Narendra Parikshak, M.D. (Tr. at 19).    The ALJ gave significant weight to the opinions of State agency psychological consultants Jim Capage, Ph.D., and G. David Allen, Ph.D. (Tr. at 19).

<u>Listing 12.00 Mental Disorders</u>

As required by the disability regulations, the ALJ discussed the four broad functional areas for evaluating medical disorders (Tr. at 14-15).  The four broad functional areas found in section 12.00 of the Listing of Impairments are known as "paragraph B" criteria.  To support his findings that Claimant was mildly limited in the functional areas of social activities, daily living and

concentration, persistence or pace and did not experience any episodes of decompensation, the ALJ stated the following:

> The degrees of "paragraph B" limitations set forth above are consistent with the opinions of State agency psychological consultants Jim Capage, Ph.D., and G. David Allen, Ph.D. (Exhibits 1A-3A and 6A). These opinions are given significant weight based on their specialized knowledge of mental impairments as well as their supportive explanations.

<u>Discussion</u>

Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions. In the present matter, the ALJ did not explain the reasons for allotting significant weight to the opinions of consulting psychologist Jim Capage, Ph.D. and G. David Allen, Ph.D..

As explained by SSR 96-6p, the regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability

of the opinion in light of the evidence in the record; (2) consistency with the record, including

other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to

consider findings of fact by state agency medical and psychological consultants and other program

physicians and psychologists about the existence and severity of an individual's impairment(s),

including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000).

While ALJs and the Appeals Council are not bound by any state agency findings, they may not

ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id*

Further, "[u]nless the treating source's opinion is given controlling weight, the

administrative law judge must explain in the decision the weight given to the opinions of a State

agency medical or psychological consultant or other program physician or psychologist, as the

administrative law judge must do for any opinions from treating sources, non-treating sources, and

other non-examining sources who do not work for us." (*Id.*)  Examples of the kinds of factors that

an administrative law judge must consider when evaluating the findings of State agency medical

and psychological consultants are provided in paragraph (c)[2] of §§ 404.1527 and 416.927.

 The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial

evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which

evidence the ALJ found credible and why, and specific application of the pertinent legal

requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

In the present case, the ALJ did not state how the State agency psychological consultants'

opinions are consistent with the evidence of record.  The ALJ did not provide a logical bridge

---

[2] Unless a treating source's opinion is given controlling weight, all of the following factors will be considered in deciding the weight given to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors.  20 C.F.R. 416.927(c) and 404.1527.

between the State agency psychological consultants' opinions and the residual functional capacity. As such, the analysis is incomplete and precludes meaningful review.

Conclusion

For the reasons provided above, the undersigned finds that the ALJ's lack of explanation for the weight afforded to the State agency psychological consultants' opinions renders the analysis incomplete and precludes meaningful review. Therefore, this Court finds that the ALJ's decision is not supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  December 22, 2016

Dwane L. Tinsley
United States Magistrate Judge