**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JUDITH LYNN CARR,

     Plaintiff,

v.           CIVIL ACTION NO.   2:15-cv-16513

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Judith Carr's ("Claimant") Complaint seeking review of the decision of then Acting Commissioner of Social Security, Carolyn W. Colvin ("Defendant") (ECF No. 2),[1]  By Standing Order entered May 7, 2014, and filed in this case on December 30, 2015, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").   Magistrate Judge Tinsley filed his PF&R (ECF No. 13) on December 22, 2016, recommending that this Court **GRANT** Claimant's Brief in Support of Judgment on the Pleadings, **DENY** the Defendant's Brief in Support of the Final Decision, **REVERSE** the final decision of the Commissioner, **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. 405(g) and **DISMISS** this matter from the Court's docket.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing the former Social Security Commissioner, Carolyn W. Colvin, the original Defendant in this case.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill is automatically substituted as the Defendant.

## I.   BACKGROUND

Claimant filed applications for disability insurance benefits and Social Security Income on June 26, 2012, alleging her disability began on March 1, 2011.   Her claims were initially denied on December 17, 2012, and again upon reconsideration on March 27, 2013.   Claimant requested a hearing, which was held on July 15, 2014.   The Administrative Law Judge (ALJ) denied Claimant's applications on August 6, 2014, and the Appeals Council denied her request for review on November 9, 2015.   Claimant filed her complaint in this action on December 29, 2015, seeking judicial review of the administrative decision pursuant to 42 § U.S.C. 405(g).   Magistrate Judge Tinsley filed his PF&R on December 22, 2016, with objections due by January 9, 2017.   Defendant filed timely objections on January 5, 2017, to which Claimant responded on January 16, 2017.

Magistrate Judge Tinsley's PF&R recommends that this Court remand on the basis that the that the ALJ failed to adequately explain the weight given to two state agency psychological consultants, Dr. Capage and Dr. Allen, preventing substantial evidence review.   Defendant's sole substantive objection asserts that the ALJ's finding that Claimant's mental impairments were non-severe is supported by substantial evidence, so the ALJ's decision should be affirmed. [2] Claimant's response correctly notes that this objection is misdirected, in that Magistrate Judge Tinsley's PF&R did not conduct a substantial evidence review and find the ALJ's decision lacking,

---

[2] Defendant's Objections also note that Claimant did not dispute the ALJ's evaluation of her mental impairments as non-severe.   This assertion misunderstands Magistrate Judge Tinsley's finding.   Claimant's challenge to the commissioner's decision is that, in determining that she could return to the least strenuous of her past duties, the Commissioner failed to properly recognize that she performed a "composite" job.   (ECF No. 10 at 6.)   This determination involves an evaluation of Claimant's Residual Functional Capacity (RFC), which includes the effects of medically determinable impairments not determined to be "severe." 20 C.F.R. § 404.1545.   Magistrate Judge Tinsley found that the ALJ's decision failed to explain the weight assigned to two medical opinions, precluding review of Claimant's RFC.

but instead found that such review was precluded.   Nonetheless, this Court will treat Defendant's objection as one to the PF&R's finding that the explanation of the weight given to the state psychologists opinions was insufficient.

## II.   STANDARD OF REVIEW

### A.  Review of the PF&R

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).

### B.  Review of the ALJ's Findings and Decision

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).   Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."   *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

However, the Fourth Circuit has recognized that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).   To be sufficient, a record should include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Id.* (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989)). Where the reviewing Court has insufficient basis to evaluate the ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

### III.    ANALYSIS

In explaining the weight assigned to the opinions of the state agency psychologists, the ALJ stated:

> The degrees of "paragraph B" [mental] limitations set forth above are consistent with the opinions of State agency psychological consultants Jim Capage, Ph.D., and G. David Allen, Ph.D. (Exhibits 1A-3A and 6A).   These opinions are given significant weight based on their specialized knowledge of mental impairments as well as their supportive explanations.

(ECF No. 9-2 at 15.)   Magistrate Judge Tinsley found this explanation insufficient to allow for judicial review.

### A.  Weight of Medical Opinions

CFR § 404.1527 details how ALJs should address opinion evidence from medical sources. The regulation defines medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."   20 C.F.R. § 404.1527(a)(2).   ALJs

4

should give the opinion of a treating source "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Unless the ALJ gives a treating source's opinion controlling weight, the ALJ takes into account the following factors in weighing any medical opinion: (1) whether the source has examined the claimant and the length and frequency of the examinations; (2) the nature and extent of any treatment relationship; (3) the support of the source's opinion afforded by the medical evidence in the record; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is rendered by a specialist in his or her area of specialty; and (6) any other relevant factors. 20 C.F.R. § 404.1527(c). An ALJ must "give good reasons" for the weight assigned to the opinion of a treating source. 20 C.F.R. § 404.1527(c)(2). This Court has held in that, in evaluating the medical opinions of non-treating sources, the ALJ need not "discuss each [factor] in his opinion as long as a subsequent reviewer is able to understand the weight given to the opinions and the reasons for that weight." *Tucker v. Astrue*, 897 F. Supp. 2d 448, 468 (S.D. W. Va. 2012); *see also McNeely v. Colvin*, No. CIV.A. 2:13-767, 2014 WL 4929437, at *9 (S.D. W. Va. Sept. 30, 2014) ("The ultimate test is not whether the ALJ mechanically recited each factor, but whether it is clear from the decision that all of the pertinent factors were considered.").

The Supreme Court has long recognized a federal agency's obligation to abide by its duly promulgated regulations. *See, e.g.*, *Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). Courts have remanded decisions of the Commissioner when they fail to articulate "good reasons" for discrediting the opinion of a treating source, as expressly required by 20 C.F.R. § 404.1527(c)(2). *See, e.g.*, *Holloran*, 362 F.3d at 33 ("We do

5

not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

## B.  Dr. Westfall's Opinion

Though Magistrate Judge Tinsley's PF&R did not specifically address the weight assigned to the opinions of Dr. Westfall, because the record indicates that she was a treating source, the amount of analysis due the opinions of the state agency psychologists depends on the weight given to her opinions.   However, it is unclear from the ALJ's decision what weight was assigned to Dr. Westfall's opinion.   The ALJ's decision cites to Dr. Westfall's opinion that Claimant "was coping pretty well" in support of its analysis that her mental impairments were minimal and relies on her exam findings in determining Claimant's residual functional capacity, but never explicitly indicates what weight those opinions are given, or why.[3]   (ECF No. 9-2 at 14, 19.)   The ALJ's decision also cites Claimant's treatment records—apparently from her appointments with Dr. Westfall—as contrary to Psychologist's Sargent's opinion that Claimant's prognosis was "poor," and assigns that opinion "little weight" on that basis.   (ECF No. 9-2 at 14.)   However, the ALJ's decision does not address Dr. Westfall's assessment that Claimant's depression and anxiety were "poorl[y] controlled" and she "needs to resume counseling" and go on a "trial of ssri," though Dr.

---

[3] Though the ALJ's decision does not specify the weight assigned to Dr. Westfall's opinions, in the section analyzing Claimant's mental impairments, it does note that "the treatment [Claimant] received [from Dr. Westfall], was from a general practitioner, not from a specialist."   (ECF No. 9-2 at 14.)   While 20 C.F.R. § 404.1527 includes a medical source's specialization as one of the factors to be considered in determining the weight assigned to that source's opinions, standing alone this does not sufficiently explain the weight assigned to Dr. Westfall's opinions.

Westfall made this assessment in Claimant's most recent appointment documented in the record. (ECF No. 9-9 at 293.)

The Court finds that the failure to specify the weight accorded to the opinions of Dr. Westfall precludes substantial evidence review.   While the record contains significant evidence supporting the ALJ's ultimate conclusions, including some opinions of Dr. Westfall,[4] courts have declined to find failure to analyze treating source opinions to be harmless error.   *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely."); *Saul v. Astrue*, No. 2:09-CV-1008, 2011 WL 1229781, at *4 (S.D. W. Va. Mar. 28, 2011) (following *Wilson* and remanding a case where the ALJ failed to explain the opinions of a treating source).

## C.  Dr. Capage and Dr. Allen's Opinions

The ALJ's decision assigns the opinions of state agency psychologists Dr. Jim Capage and Dr. David Allen "significant weight" based on their specialized knowledge and their supportive explanation.   As discussed above, because the ALJ did not assign controlling weight to the opinions of a treating source, the weight assigned to the opinions of other medical sources had to reflect the 20 C.F.R. § 404.1527(c) factors.   The decision does not provide an analysis explicitly addressing all of factors with regard to the weight assigned to these opinions.   However, as noted above, this Court does not require that ALJs mention each factor, "as long as a subsequent reviewer

---

[4] Were all of Dr. Westfall's assessments consistent with the ALJ's ultimate conclusions, a finding of harmless error may have been appropriate.   *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) ("There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion.").

is able to understand the weight given to the opinions and the reasons for that weight." *Tucker*, 897 F. Supp. 2d at 468; *see also Hardy v. Colvin*, No. 2:13-CV-20749, 2014 WL 4929464, at *4 (S.D. W. Va. Sept. 30, 2014) (noting that the requirement that the ALJ provide "good reasons" applies only to the weight given to the opinions of treating sources). In this case it appears that for the purposes of these non-treating sources, the ALJ sufficiently explained the weight accorded their opinions. In addition to noting that these two doctors were specialists, the ALJ's decision also notes that its other findings with regard to the severity of Claimant's mental impairments were consistent with their opinions. (ECF No. 9-2 at 15.) This Court has found that due to the specialized nature of agency consultants, their opinions can be given significant weight when they are consistent with the record. *See Jividen v. Colvin*, No. CIV.A. 3:12-04698, 2014 WL 1333196, at *21 (S.D. W. Va. Mar. 31, 2014); *see also Hardy*, No. 2:13-CV-20749, 2014 WL 4929464, at *3 (finding that the ALJ's explanation that the opinions of a medical source were inconsistent with the record was sufficient to explain the decision not to give those opinions weight).

Accordingly, though the ALJ's explanation could have been more thorough, the Court finds that the weight accorded to the opinions of Dr. Capage and Dr. Allen is sufficiently explained for the purposes of judicial review.

## IV.    CONCLUSION

The Court finds that the ALJ sufficiently explained the weight accorded to the opinions of the state agency psychologists. However, remand is still appropriate given the ALJ's failure to explain the weight accorded to the opinions of Claimant's treating medical source, Dr. Westfall.

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 13) to the extent it is consistent with this opinion, **GRANTS** Claimant's Brief for Judgment on the Pleadings (ECF No. 10) to the

extent it seeks remand of the Commissioner's decision, **DENIES** Defendant's Brief in Support of the Final Decision (ECF No. 11), **REVERSES** the final decision of the Commissioner, **REMANDS** this case for further proceedings pursuant to sentence four of 42 § U.S.C. 405(g), **DISMISSES** this matter, and **DIRECTS** the Clerk to remove this case from the Court's docket.

        **IT IS SO ORDERED.**

        The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      March 20, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE